# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VIRGIL STEPHENS,

    Petitioner,

vs.

CRAIG FARWELL, et al.,

    Respondents.

Case No. 3:03-CV-00578-LRH-(RAM)

**ORDER**

Petitioner, Virgil Stephens, has submitted a Notice of Appeal (#35), an Application for Certificate of Appealability (#36), and a Motion to Appeal in Forma Pauperis (#37). Respondents have submitted an Opposition to Application for Certificate of Appealability (#38). The Court finds that Petitioner is unable to pay the appellate filing fee.

To appeal the denial of a petition for a writ of habeas corpus, Stephens must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

Stephens's first issue for appeal is, "Whether this Court's decision that Stephens used a method by which the Nevada Supreme Court could not reach the merits of Ground One and Ground Three should be reversed." Application (#36), at p. 14. Stephens presented the issues contained in Grounds One and Three in an untimely appeal from the denial of his state habeas corpus petition, and the Nevada Supreme Court dismissed that appeal for lack of jurisdiction. Order (#33), at p. 3. The Court determined that Stephens had used a method by which the Nevada Supreme Court could not reach the merits. Id. (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). "[A]n untimely notice of appeal fails to vest jurisdiction in" the Nevada Supreme Court. Lozada v. State, 871 P.2d 944, 946 (Nev. 1994).[1] Therefore, the Nevada Supreme Court could not reach the merits of the issues in Grounds One and Three. Reasonable jurists would not find this Court's conclusion to be debatable or wrong.

Stephens's second issue for appeal is, "Whether this Court's decision that Ground One and Ground Three should not be deemed exhausted should be reversed." Application (#36), at p. 14. The Court found that Stephens could still raise these grounds in a state habeas corpus petition, although he would need to show cause and prejudice to excuse state-law procedural bars; the Court would not guess whether state courts would find such cause and prejudice. Order (#33), at p. 3. Stephens argues that this Court should excuse the exhaustion requirement because he believed that his court-appointed counsel had filed a timely notice of appeal from the denial of his state habeas corpus petition, when counsel had done no such thing. Application (#36), at p. 11. Stephens then argues that counsel's failure would be sufficient cause to excuse a federal procedural default. Id. (citing Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000), Manning v. Foster, 224 F.3d 1129 (9th Cir. 2000)). Exhaustion, not procedural default, is the issue. Federal procedural default occurs when a claim is exhausted in state court, but the state court denied the ground based upon an

---

[1] This rule is not unique. Federal courts follow the same rule for habeas corpus petitions. See Pettibone v. Cupp, 666 F.2d 333, 334 (9th Cir. 1981) (citing Browder v. Director, Illinois Dept. of Corrections, 434 U.S. 257, 264 (1978)).

1  adequate and independent state-law ground. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).
2  Grounds One and Three have not reached that point, and they might not. By arguing that cause
3  exists to excuse a procedural default, Stephens reinforces the Court's conclusion. He can present
4  those reasons to the state courts, and they can determine whether cause exists to excuse their
5  procedural bars. Reasonable jurists would not find this Court's conclusion to be debatable or
6  wrong.
7       Stephens's third issue on appeal is, "Whether this Court's decision that Stephens presented
8  Ground Two to the Nevada Supreme Court in a procedurally incorrect manner and thus failed to
9  exhaust this claim should be reversed." Application (#36), at p. 14. The Court so decided because
10 Stephens raised the issue in Ground Two—the intelligence and voluntariness of his guilty plea—on
11 direct appeal, and the Nevada Supreme Court requires that issue to be raised in a motion to
12 withdraw a guilty plea or in a petition for a writ of habeas corpus. Order (#33), at pp. 3-4 (citing
13 Castille, 489 U.S. at 351; Bryant v. State, 721 P.2d 364 (1986)). Stephens argues that the Bryant
14 rule is arbitrary. Application (#36), at p. 13. In a section of the Application concerning Grounds
15 One and Three, Stephens argues that the Nevada Supreme Court does not consistently follow the
16 Bryant rule. Application (#36), at p. 10 (citing Smith v. State 879 P.2d 60 (Nev. 1994). In Smith,
17 the Nevada Supreme Court held that the Bryant rule contains an exception for plain error. 879 P.2d
18 at 61 n.1. This is hardly an arbitrary or unique rule. In the analogous federal criminal context, the
19 Court of Appeals reviews only for plain error when the defendant fails to object pursuant to Rule 11
20 of the Federal Rules of Criminal Procedure that his guilty plea is unknowing or involuntary. United
21 States v. Jimenez-Dominguez, 296 F.3d 863, 866 (9th Cir. 2002) (citing United States v. Vonn, 535
22 U.S. 55 (2002)). Reasonable jurists would not find the Court's conclusion to be debatable or wrong.
23      Because reasonable jurists would not find the Court's procedural ruling to be incorrect, the
24 Court need not inquire whether Stephens states a valid claim of a denial of a constitutional right.
25 ///
26 ///
27 ///
28

IT IS THEREFORE ORDERED that Petitioner's Motion to Appeal in Forma Pauperis (#37) is **GRANTED**.  Petitioner shall not be required to make any prepayment of the filing fee for his appeal.

IT IS FURTHER ORDERED that Petitioner's Application for Certificate of Appealability (#36) is **DENIED**.

DATED this 3rd day of January, 2006.

_____
LARRY R. HICKS
United States District Judge